UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

CHANIKKA M. DAVIS-PAYNE,

                Plaintiff,      **No. 1:15-cv-00379(MAT)**
                                          **DECISION AND ORDER**
    -vs-

CAROLYN W. COLVIN, ACTING COMMISSIONER
OF SOCIAL SECURITY,

                Defendant.

───────────────────────────────

## INTRODUCTION

Represented by counsel, Chanikka M. Davis-Payne ("Plaintiff") instituted this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner")[1] denying her application for Supplemental Security Income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## PROCEDURAL STATUS

On May 15, 2012, Plaintiff filed an application for SSI, which was denied at the initial level. At Plaintiff's request, a hearing was conducted by administrative law judge Robert T. Harvey ("the ALJ") on February 11, 2014. Plaintiff appeared with her attorney

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted, therefore, for Acting Commissioner Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

testified at the hearing, as did vocational expert Jennifer Dizon ("the VE"). The ALJ considered the claim de novo and issued an unfavorable decision on March 20, 2014. (T.46-64).[2] The Appeals Council denied Plaintiff's request for review on March 31, 2015, making the ALJ's decision the final decision of the Commissioner. This action followed.

Before the Court are the parties' cross-motions for judgment on the pleadings. The Court will discuss the record evidence further below, as necessary to the resolution of the parties' contentions. For the reasons discussed below, the Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings.

## THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation for determining whether an individual is disabled, see 20 C.F.R. § 416.920(a). At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity ("SGA") since the application date (May 15, 2012), which is also her amended onset date. (T.51).

At step two, the ALJ determined that Plaintiff has the following severe impairments: status post anterior cervical discectomy and fusion ("ACDF") at C3-5, migraine headaches,

---

[2] Citations to "T." in parentheses refer to pages from the certified administrative transcript.

cervical radiculopathy, and discogenic lumbar spine. (T.51). The ALJ found that Plaintiff's bilateral hip pain and obesity do not cause significant work-related functional limitations and therefore are not severe. (T.52).

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, 416.926). (T.52). The ALJ gave particular consideration to Listings 1.03 (Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively), 1.04A (Disorders of the spine with evidence of, *e.g.*, nerve root compression), and 11.00 (Neurological disorders).

The ALJ proceeded to assess Plaintiff as having the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except that she has occasional limitations in climbing, stooping, squatting, kneeling, and balancing; occasional limitation in the ability to reach in all directions; occasional limitation in pushing and/or pulling with the upper extremities; no ability to climb ropes, ladders, or scaffolds; and no ability to crawl. In addition, she cannot work in areas where she would be exposed to cold. (T.52).

At step four, the ALJ noted that Plaintiff was 34 years-old on the application date. She obtained her general equivalency degree

("GED") in 1997 (T.217), and thus had at least a high school education. She previously worked sporadically in an assembly position factory, a representative in a teletech call center, a hairdresser, and a housekeeper in a hotel (T.217), but her earnings were below SGA during the 15 years prior to her SSI application. (T.51). The ALJ accordingly found that she did not did not have any past relevant work. (T.59).

At step five, the ALJ relied on the VE's testimony (T.94-95) that a person of Plaintiff's age, and with her education, work experience, and RFC, can perform representative occupations that exist in significant numbers in the national economy, including mail room clerk (Dictionary of Occupational Titles ("DOT") No. 209.687-026, light, unskilled, of which there are 102,410 positions in the national economy) and ticket seller (DOT No. 211.467-030, light, unskilled, of which there are 106,860 jobs in the national economy). (T.59-60). Accordingly, the ALJ found that Plaintiff has not been under a disability as defined in the act since the application date. (T.60).

## SCOPE OF REVIEW

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Act, the district court is limited to determining whether the Commissioner's findings were supported by substantial record evidence and whether the Commissioner employed the proper legal standards. Green-Younger v.

Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. See 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

### I. RFC Unsupported by Substantial Evidence Due to ALJ's Failure to Account for Plaintiff's Migraine Headaches

Plaintiff testified at the hearing that she takes Sumatriptan and Topamax when she gets a migraine, and then goes to lie down in a "dark" place. (T.87). She stated that the headaches generally last about five hours and occur "[l]ike twice a week." (T.88). They do not occur at any particular time of day. (Id.). The ALJ, in assessing her credibility, stated that she "only has two headaches a week, which is not indicative of disability." (T.58). Plaintiff assigns error to the ALJ's treatment of her migraine headaches, arguing that the ALJ's statement "totally misinterprets the severity of migraine headaches, which, even at one or two per week,

lasting for up to five hours as [Plaintiff] testified to (or even half that long) would certainly be indicative of disability." (Pl's Mem. at 4 (citing T.98)). Plaintiff notes that, according to the VE's testimony, experiencing a 5-hour migraine headache once a week was "definitely going to impact [the hypothetical individual's] ability to maintain any position[,]" unless the employer made an accommodation, such as an alternate work schedule. (T.98). The VE stated that if the employer could not or would not make such an accommodation, the individual would not be able to maintain employment. (Id.). Plaintiff argues that the ALJ's assertion that her twice-weekly migraines were not indicative of disability cannot be reconciled with the VE's testimony about the employment-precluding effects of such headaches. (See Pl's Mem. at 4).

The Court finds that the ALJ "seems to have succumbed to the temptation to play doctor[,]" Blakes ex rel. Wolfe v. Barnhart, 331 F.3d 565, 570 (7th Cir. 2003), when he concluded that "only . . . two headaches a week . . . is not indicative of disability[,]" (T.58). See Primes v. Colvin, No. 6:15-CV-06431(MAT), 2016 WL 446521, at *4 (W.D.N.Y. Feb. 5, 2016) (ALJ impermissibly "played doctor" and relied on his own lay opinion to fill perceived gaps in the evidentiary record by opining that the claimant "has not generally received the type of medical treatment one would expect from a totally disabled individual" and that it was "unusual" for

consultative physician to have found no muscle atrophy, "given the limitations the claimant alleges"; the ALJ identified no medical expert who opined that claimant's medical treatment was atypical for a person who is disabled) (citing Blakes, 331 F.3d at 570; other citation omitted).

Furthermore, as Plaintiff points out, the ALJ did not cite any evidence to refute her testimony as to the existence of her migraines, and appears to have accepted her testimony that she experiences twice-weekly migraines. Notably, the ALJ did not attempt to discredit her testimony as to the duration of her migraines; in fact, he did not address, at all, her statements as to how long her migraines lasted.

As noted above, the VE testified that a person who experiences *one* five-hour migraine headache weekly would be precluded from competitive full-time employment. (See T.98). Here, the ALJ apparently accepted that Plaintiff experienced *two* migraines a week, although he did not explicitly accept or reject Plaintiff's testimony as to the duration of her headaches. If her testimony regarding the five-hour duration of her headaches is accepted, it creates a material discrepancy between the ALJ's decision and the VE's testimony, which the ALJ accepted in its entirety. At the very least, there is a significant ambiguity that must be resolved by the fact-finder in the first instance.

The Commissioner ignores the inconsistency pointed out by Plaintiff, and instead argues for affirmance on the basis that the remainder of the ALJ's credibility analysis is reasonable and legally correct. This, however, is one of those situations where the Court is "unable to fathom the ALJ's rationale in relation to evidence in the record, especially where credibility determinations and inference drawing is [sic] required of the ALJ." Berry v. Schweiker, 675 F.2d 464, 469 (2d Cir. 1982) (per curiam). Such cases, the Second Circuit has stated, are particularly well-suited for remand for "further findings" and a "clearer explanation" by the ALJ. See id.

**II. Erroneous Weighing of Opinion Evidence**

Because the Court has identified a separate error in connection with the RFC assessment, the Court need not address Plaintiff's argument regarding the ALJ's weighing of RFC assessments offered by Physician's Assistant Brimmer and Chiropractor Cardamone, and an opinion by orthopedic surgeon Dr. Melvin Brothmann that Plaintiff had a 40 percent scheduled loss of use, for Workers Compensation purposes, due to her right shoulder pathology.

**CONCLUSION**

For the foregoing reasons, the Court finds that Commissioner's decision must be reversed. Defendant's motion for judgment on the pleadings is denied, and Plaintiff's motion for judgment on the

pleadings is granted to the extent that the matter is remanded for further administrative proceedings consistent with this decision and order.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

S/Michael A. Telesca
_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:  January 5, 2018
        Rochester, New York.